## McKnight v. Blakely

*John Himebaugh*, for plaintiffs.
*Brooks, Curtze & Gent*, for defendants.

EVANS, P. J., October 25, 1955.—This matter is before us on a petition to join State Automobile Insurance Association as party plaintiff in the above-entitled action.

Ordinarily this request would be refused for the reason that under automobile insurance companies' indemnity contract they have the right to proceed in their own interest and that of the assured under the assured's name without the knowledge of their coverage being available to a jury in case of trial. However, defendants' attorney, John G. Gent, received a letter dated December 17, 1954, from the Assistant Pennsylvania Claim Manager of the State Automobile Insurance Association advising him that this company had not retained attorney John W. Himebaugh to represent the insurance company on its subrogation claim in the amount of $1,302.

This, of course, does not affect plaintiffs' employment of John W. Himebaugh to represent them insofar as their interests are concerned but raises the serious question as to whether or not any settlement or trial between the original parties would terminate the obligation to the State Automobile Insurance Association under its subrogation claim.

We conclude that by the order which follows we can and will protect defendants on the point which gives them concern and at the same time protect plaintiffs' insurance carrier under its notice of subrogation and decision to employ separate counsel.

And now, to wit, October 25, 1955, it is ordered and decreed that if within 15 days the State Automobile Insurance Association causes its own counsel to enter an appearance in the above entitled action to represent it in the matter of any settlement or in case of trial, the petition by defendants to join the State Automobile Insurance Association as party plaintiff filed March 14, 1955, is refused; in event the above portion of our

order is not complied with within 15 days, the rule to show cause granted March 14, 1955, is made absolute, and the prothonotary is directed to enter on his records the State Automobile Insurance Association as party plaintiff.